## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| TYREL MOSLEY, Individually & on Behalf of All Others Similarly Situated, § § § | |
| Plaintiff, § § | CIVIL ACTION NO. 2:18-CV-269 |
| v. § § | |
| LIBERTY MUTUAL FIRE INS. CO., § § | |
| Defendants. § | |

### PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW, TYREL MOSLEY,** Individually & On Behalf of All Others Similarly Situated, and files this, his Original Class Action Complaint, and, in support thereof, would respectfully show unto the Court as follows:

### I.

### PARTIES

1. **TYREL MOSLEY** is an individual residing in the Eastern District of Texas.

2. **LIBERTY MUTUAL FIRE INSURANCE COMPANY** ("**LIBERTY MUTUAL**") is a foreign fire & casualty company with its principal place of business located Boston, Massachusetts. It may be served through its Attorney for Service, Corporation Service Company, at 211 East 7th Street, Austin, Texas 78701-3218.

## II.

## JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (West 2018) in that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00.

4. Venue is proper before this Court in that all of the operative events giving rise to Plaintiff's claims — including the execution of the challenged coverage selection/ rejection form; the delivery of the affected policy; the automobile collision giving rise to Plaintiff's injuries and claims and Defendant's denial of coverage — all occurred in the Eastern District of Texas

## III.

## NATURE OF SUIT

5. This is a suit to declare the invalidity of the Texas uninsured motorist coverage selection/ rejection forms relied upon by **LIBERTY MUTUAL** to remove this statutorily-mandated coverage from thousands of automobile liability insurance policies issued for delivery in this state since at least 2013. Because these forms affirmatively misrepresent the terms of Texas uninsured motorist coverage, they cannot and do not constitute a valid, knowing rejection of any portion of the coverage. **TYREL MOSELY** further seeks an injunction precluding **LIBERTY MUTUAL** from denying the existence of Texas uninsured motorist coverage on the affected policies in an amount equal to each policy's limit of liability insurance coverage.

### *IV.*

### *NATURE OF RELIEF SOUGHT*

6.  **TYREL MOSLEY** asks the Court to grant the following relief:

   (a)   An Order certifying this case as a class action pursuant to Rule 23(b)(2), FED. R. CIV. P., and appointing Plaintiff and his Counsel to represent the Class;

   (b)   Declaratory Judgment that all of **LIBERTY MUTUAL's** Texas uninsured motorist coverage selection/rejection forms containing the representation that *"An uninsured or underinsured motor vehicle is a vehicle with no liability insurance or with liability limits that were originally lower, or whose limits have been reduced by payment of claims arising from the same accident to an amount <u>less than the limit of liability for Uninsured/Underinsured Motorist Coverage stated in your policy</u>"* or substantially similar language are invalid and that each policy for which such a form was executed contains Texas uninsured and underinsured motorist coverage in an amount equal to the policy's bodily injury and property damage liability limit as a matter of law;

   (c)   Permanent injunctive relief prohibiting Defendant from denying the existence of Texas uninsured and underinsured motorist coverage on Texas automobile liability insurance policies for which an uninsured motorist coverage selection/ rejection form was executed which contained the representation that *"An uninsured or underinsured motor vehicle is a vehicle with no liability insurance or with liability limits that were originally lower, or whose limits have been reduced by payment of claims arising from the same accident to an amount <u>less</u>*

> *than the limit of liability for Uninsured/Underinsured Motorist Coverage stated in your policy"* or substantially similar language;

(d) Notice to the Class apprising its members of the relief granted herein and

(e) An award of reasonable attorney's fees, expenses of litigation and all costs of Court including the cost of Class member notification.

## *V.*

## ***LEGAL & FACTUAL BACKGROUND***

7. Since August 29, 1977, the Texas Insurance Code has mandated that all policies of automobile liability insurance issued for delivery in this state include uninsured motorist coverage in the absence of a valid, written rejection signed by the policyholder. TEX. INS. CODE § 1952.101 (West 2018).

8. The coverage required by § 1952.101 provides for payment to the insured or all damages which he may be entitled to recover from the owner or operator of an uninsured or underinsured motorist vehicle because of bodily injury or property damage subject only to an offset in the amount "recovered or recoverable from the insurer of the underinsured motor vehicle." *Id*.

9. Until October 18, 1989, many insurers misinterpreted this statute to mean that an individual was underinsured when his liability limits were less than the amount of the uninsured motorist coverage purchased by the claimant.

10. This analysis gave no consideration to the amount of actual damages sustained by the claimant and rendered the underinsured motorist coverage totally worthless if both the

insured and the tortfeasor carried statutory minimum limits of coverage. It also left Texas consumers wholly uncertain as to the value, if any, of the coverage they had purchased.

11. Nonetheless, many insurance carriers incorporated this misinterpretation of the law into their Texas uninsured motorist coverage selection/rejection forms.

12. On October 18, 1989, the Texas Supreme Court expressly held that in determining whether the owner or operator of a motor vehicle is "underinsured," the insurer must deduct the available liability coverage ***from the actual damages sustained by the insured*** rather than from the uninsured motorist coverage limits of the policy. *Stracener v. United Serv. Auto. Ass'n,* 777 S.W.2d 378, 379-80 (Tex. 1989)(emphasis added).

13. According to the Texas Supreme Court, a motorist is underinsured "when the available proceeds of his liability insurance are insufficient to compensate the claimant for his actual damages, ***regardless of the amount of uninsured motorist coverage purchased by the claimant***." *Id*. (emphasis added).

14. Terming earlier court decisions a "misinterpretation of the statute," the Texas Supreme Court expressly held, "***All clauses in insurance policies which are not consistent with and do not further the purposes of [§ 1952] are invalid***." *Id*. at 384 (emphasis added).

15. Against this background, **TYREL MOSLEY** sustained bodily injuries in an automobile accident with an underinsured motorist on March 21, 2018.

16. At the time of the accident, **TYREL MOSLEY** was operating a tractor-trailer owned by his employer.

17. The tractor-trailer operated by **TYREL MOSLEY** on March 21, 2018, was insured through a Texas automobile liability insurance policy issued by **LIBERTY MUTUAL** (the "Policy").

18. In connection with the sale of the Policy, **LIBERTY MUTUAL** offered **TYREL MOSLEY's** employer Texas uninsured motorist coverage in an amount equal to the policy's $1,000,000.00 limit of body injury liability coverage.

19. Unbeknownst to **TYREL MOSLEY**, on March 31, 2017, his employer purported to reject **LIBERTY MUTUAL's** offer of $1,000,000.00 of Texas uninsured motorist coverage by executing an uninsured motorist coverage selection/rejection form promulgated by **LIBERTY MUTUAL** which contained the misrepresentation that *"An uninsured or underinsured motor vehicle is a vehicle with no liability insurance or with liability limits that were originally lower, or whose limits have been reduced by payment of claims arising from the same accident to an amount **less than the limit of liability for Uninsured/Underinsured Motorist Coverage stated in your policy**."*

20. Based on the execution of this facially-invalid coverage selection/rejection form, **LIBERTY MUTUAL** delivered to **TYREL MOSLEY's** employer a policy of automobile liability insurance which purported not to include Texas uninsured motorist coverage for any of its vehicles.

21. Further, on June 15, 2018, **LIBERTY MUTUAL** expressly represented to **TYREL MOSLEY** that the policy it delivered to **TYREL MOSLEY's** employer did not include Texas uninsured motorist coverage as a result of the company's execution of the challenged selection/rejection form.

6

22. As is apparent from the experience of **TYREL MOSLEY, LIBERTY MUTUAL** has wholly ignored the express mandate of the Texas Supreme Court by routinely employing coverage selection/rejection forms which patently misrepresent the nature of Texas uninsured motorist coverage.

23. Because the Texas Supreme Court has expressly held that forms containing this particular misrepresentation are "invalid," **LIBERTY MUTUAL** has failed to obtain effective rejections of Texas uninsured motorist coverage from thousands — if not tens or hundreds of thousands — of insurance consumers since at least January 1, 2013.

24. Moreover, **LIBERTY MUTUAL** has knowingly failed and refused to acknowledge that the policies for which a challenged form was executed contain Texas uninsured motorist coverage as a matter of law.

25. Finally, **LIBERTY MUTUAL** has knowingly relied upon and continues to rely upon the facially invalid coverage selection/rejection forms to deny the existence of Texas uninsured motorist coverage to bodily injury and property damage claimants under the affected policies.

26. Rather than rectify its wrongdoing, **LIBERTY MUTUAL** has perpetuated its fraud and elected not to notify its insureds of the *de facto* existence of this valuable coverage.

27. Precisely because of their efforts, thousands — if not tens or hundreds of thousands — of Texas consumers remain unaware of their rights.

# VI.

## CLASS ACTION ALLEGATIONS

### A.

### PRE-REQUISITES OF RULE 23(a)

28. **TYREL MOSLEY** brings this action for himself and on behalf of all others similarly situated. The Class Plaintiff seeks to represent is defined as follows:

   All individuals and entities who have been involved in an automobile accident while insured by an automobile liability insurance policy issued by **LIBERTY MUTUAL FIRE INSURANCE COMPANY** in Texas since January 1, 2013 for which a Texas uninsured/ underinsured motorist coverage selection/rejection form was executed which contained the representation that *"An uninsured or underinsured motor vehicle is a vehicle with no liability insurance or with liability limits that were originally lower, or whose limits have been reduced by payment of claims arising from the same accident to an amount less than the limit of liability for Uninsured/Underinsured Motorist Coverage stated in your policy"* or substantially similar language.

   The proposed Class does not include the Judges of this Honorable Court, the Justices of the United States Court of Appeals for the Fifth Circuit, the Justices of the United States Supreme Court, the United States of America, the State of Texas or any affiliated or related entities.

29. Plaintiff would show the Court that, due to their numerosity, the joinder of individual class members in this case is patently impracticable. FED. R. CIV. P. 23(a)(1). From 2015 through 2017, for example, **LIBERTY MUTUAL** wrote in excess of $500 million of property & casualty insurance in Texas. Unquestionably, those premiums represents tens of thousands of Texas automobile liability insurance policies and hundreds of thousands of covered vehicles, individuals & entities.

30. Further, the forms in question have been employed by **LIBERTY MUTUAL** throughout the State of Texas since at least January 1, 2013 and, in all likelihood, since October of 1989. For these reasons, Plaintiff anticipates that the Class will include hundreds of thousands of individuals and entities scattered throughout the State of Texas. The precise location and identity of these individuals and entities is presently known only to **LIBERTY MUTUAL**.

31. Plaintiff would further show the Court that there is a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented in this action which predominate over questions that may affect only individual class members. FED. R. CIV. P. 23(a)(2).

32. The issues common to the class include, but are not limited to

    (a) whether the challenged forms misrepresent the terms of the Texas uninsured motorist coverage;

    (b) the invalidity of the challenged forms under Texas law;

    (c) the legal consequence of the misrepresentation of the Texas uninsured motorist coverage including the extent to which the policies include the coverage as a matter of law;

    (d) whether Defendant may rely on the execution of the challenged forms to deny the existence of Texas uninsured motorist coverage on the affected policies and

    (e) whether Defendant should be enjoined from denying the existence of Texas uninsured motorist coverage on the affected policies.

33. Plaintiff would further show the Court that the claims of **TYREL MOSLEY** are typical of the claims of the Class as a whole.  FED. R. CIV. P. 23(a)(3).

34. Like the other members of the Class, **TYREL MOSLEY** was involved in a motor vehicle accident while insured by a **LIBERTY MUTUAL** automobile liability policy for which a challenged Texas uninsured motorist coverage selection/rejection form was executed and on which **LIBERTY MUTUAL** relied to deny the existence of Texas uninsured motorist coverage on the affected policy.  **TYREL MOSLEY** alleges that the form executed by **TYREL MOSLEY's** employer misrepresented the essential nature of Texas uninsured motorist coverage and cannot represent a valid rejection of any part of the coverage.  He further alleges that **LIBERTY MUTUAL** cannot rely upon the execution of an invalid coverage selection/rejection form to deny the existence of this valuable coverage on its Texas policies.  Thus, the allegations of **TYREL MOSLEY** are identical to those of every Class member.

35. Further, **TYREL MOSLEY** would further show the Court that he will adequately represent the interests of the entire Class.  FED. R. CIV. P. 23(a)(4).  He will vigorously pursue his claims and protect the interests of the absent Class members.  There is no antagonism or conflict of interest between **TYREL MOSLEY** and the other members of the Class.

36. Finally, **TYREL MOSLEY** has retained competent counsel to pursue the interests of the Class.  The undersigned served as Class Counsel in a number of national and statewide class actions before this Court including *Vaughn v. American Honda Motor Co.* (E.D. Tex.).  The undersigned has also served as Class Counsel in at least six (6) state court

lawsuits successfully challenging the validity of Texas uninsured motorist coverage selection/rejection forms containing the identical misrepresentation at issue in this case. *E.g., Powell v. Allstate Insurance Co., et al.* (115th Judicial District Court of Upshur County, Texas); *Griffin v. GEICO Insurance Co., et al.* (4th Judicial District Court of Rusk County, Texas); *Gibson v. State Farm Mutual Automobile Insurance Co., et al.* (4th Judicial District Court of Rusk County, Texas); *BMR Transport, Inc. v. Travelers Insurance Co.* (E.D. Tex.); *Perry v. Hartford Accident & Indemnity Co., et al.* (E.D. Tex.); *L.K. Davis Engineering v. Mid-Continent Insurance Co., et al.* (E.D. Tex.).

## B.

## PRE-REQUISITES OF RULE 23(b)

37. **TYREL MOSLEY** would further show the Court that this case is maintainable as a class action under Rule 23(b)(2), FED. R. CIV. P., in that **LIBERTY MUTUAL** has acted and refused to act on grounds generally applicable to the entire Class thereby making injunctive and declaratory relief appropriate as to the Class as a whole.

38. More particularly, **LIBERTY MUTUAL** has misrepresented the nature of the uninsured motorist coverage in connection with the issuance of every policy insuring the members of the Class and has consistently and uniformly relied upon the execution of the challenged selection/rejection forms to deny the existence of uninsured motorist coverage on the policies in question.

39. As a result, every member of the Class will benefit from a declaration that the coverage selection/rejection forms in question are invalid and the policies for which such a form was executed include Texas uninsured motorist coverage as a matter of law.

40. Likewise, every member of the Class will benefit from an injunction preventing ***LIBERTY MUTUAL*** from denying the existence of Texas uninsured motorist coverage on the policies for which an invalid coverage selection/rejection form was executed.

## VII.

### REQUEST FOR DECLARATORY RELIEF

41. Pursuant to 28 U.S.C. 2201 (West 2018) and 37.001 of the Texas Civil Practices & Remedies Code, ***TYREL MOSLEY*** asks the Court for a declaration that the forms in question are invalid and that the policies for which they were executed contain uninsured motorist coverage in an amount equal to their limits of bodily injury liability insurance coverage as a matter of law.

## VIII.

### REQUEST FOR INJUNCTIVE RELIEF

42. ***TYREL MOSLEY*** further asks the Court for a permanent injunction barring ***LIBERTY MUTUAL*** from denying that the policies for which a challenged form was executed contain Texas uninsured motorist coverage in an amount equal to their limits of bodily injury liability insurance coverage as a matter of law.

***WHEREFORE, PREMISES CONSIDERED***, ***TYREL MOSLEY,*** Individually & On Behalf of All Others Similarly Situated, respectfully prays that the Court:

- Cite ***LIBERTY MUTUAL FIRE INSURANCE COMPANY*** to appear and answer his allegations;

- Declare that the challenged selection/rejection forms do not represent a valid rejection of Texas uninsured motorist coverage as a matter of law;

- Declare that the affected policies include Texas uninsured motorist coverage in an amount equal to their limits of bodily injury liability insurance coverage as a matter of law;

- Enjoin ***LIBERTY MUTUAL FIRE INSURANCE COMPANY*** from denying the existence of Texas uninsured motorist coverage on the affected policies in an amount equal to the policies' limits of bodily injury liability insurance coverage;

- Enjoin ***LIBERTY MUTUAL FIRE INSURANCE COMPANY*** from refusing to accept claims for Texas uninsured motorist coverage benefits under the affected policies;

- Award the Class its reasonable attorney's fees, litigation expenses and costs of Court including the cost of Class member notification and

- Grant such other legal or equitable relief to which ***TYREL MOSLEY*** and/or the Class may be justly entitled.

Respectfully submitted,

/s/ *James Holmes*

James A. Holmes
Texas Bar No. 00784290

**THE LAW OFFICE OF JAMES HOLMES, P.C.**

212 SOUTH MARSHALL
HENDERSON, TEXAS 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@JamesHolmesLaw.com

**ATTORNEY FOR PLAINTIFF**

