**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TYREL MOSLEY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:18-CV-00269-JRG-RSP |
| LIBERTY MUTUAL FIRE INS. CO., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER

The above entitled and numbered civil action was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636. In this action, Defendant Liberty Mutual Fire Insurance Co. ("Liberty Mutual") moved to dismiss Plaintiff Tyrel Mosley's First Amended Class Action Complaint for lack of subject matter jurisdiction, arguing that this Court lacked justiciability regarding standing and ripeness. (Dkt. No. 25). Magistrate Judge Payne recommended that Liberty Mutual's motion to dismiss be denied in all respects. (Dkt. No. 58). Liberty Mutual objects to the Report and Recommendation. (Dkt. No. 63).

Liberty Mutual argues that the Report and Recommendation analyzes Liberty Mutual's "factual attack" on subject matter jurisdiction under the "facial attack" standard, and thus Magistrate Judge Payne gave "undue credence" to Mosley's allegations. (*Id.* at 3). Liberty Mutual contends that the Report and Recommendation's conclusions are based solely on Mosley's unsupported allegations. (*Id.* at 4).

When a factual attack is made, the plaintiff, as the party seeking to invoke jurisdiction must "submit facts through some evidentiary method and … prov[e] by a preponderance of the evidence

that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *see also Doe v. Tangipahoa Parish Sch. Bd.*, 494 F.3d 494, 496-97 (5th Cir. 2007) (en banc) ("Standing to sue must be proven, not merely asserted."). In reviewing the factual attack, the Court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *See Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir.1994); see also *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (The district court is "free to weigh the evidence and resolve factual disputes … to satisfy itself that it has the power to hear the case."). In proceeding under this standard, the Court reaches the same conclusion as Magistrate Judge Payne – this Court has subject matter jurisdiction to hear this case.

In analyzing this case, Magistrate Judge Payne made the correct observation that this lawsuit is not a question of whether underinsured motorist coverage is in place if Liberty Mutual's rejection form is invalid. If the form is invalid, coverage is automatically in place. *See Howard v. INA Cty. Mut. Ins. Co.*, 933 S.W. 2d 212, 218 (Tex. App. 1996), *writ denied* (June 12, 1997). Liberty Mutual appears to argue that even if coverage is in place, Mosley's damages for alleged past injuries do not exceed the alleged underinsured motorist's insurance policy limit because Mosley only incurred $515 in medical expenses so far. (Dkt. No. 25 at 8-9).  Thus, according to Liberty Mutual, Mosley has not suffered an injury-in-fact and therefore lack standing. *Id.*

Liberty Mutual simply points to the fact that Mosley has returned to work and only incurred $515 in medical. As Magistrate Judge Payne specifically noted, "Liberty Mutual points to medical bills that Mosley has produced so far without accounting for other bills Mosley may produce and ignores Mosley's other alleged expenses – physical therapy, counseling, and lost wages." (Dkt. No. 58 at 5). Indeed, in its motion, Liberty Mutual expressly acknowledge that it has "not been

provided, as [of] the date of [the] Motion, any billing records for Plaintiff's physical therapy sessions between May 24 and June 25, 2018." (Dkt. No. 25 at 4 n. 3). Mosley attached a declaration to his response detailing his lost earnings as $3,030.55 and charges for physical therapy as exceeding $11,000. (*See* Dkt. No. 34-3). Mosley also noted that he received treatment at Longview Occupational Medicine Clinic and saw a counselor. (*Id.*). In weighing the evidence, the Court finds that Liberty Mutual's evidence is insufficient to show that Mosley lacks standing and that Mosley's complaint *and* declaration show that he has suffered an injury-in-fact. In the same vein, the Court agrees with Magistrate Judge Payne's conclusions regarding Liberty Mutual's ripeness and "disclaimer" arguments – these arguments are unavailing and do not comport with established Texas law.

The Court therefore concludes Magistrate Judge Payne's Report and Recommendation (Dkt. No. 58) is correct. The Court **ADOPTS** Magistrate Judge Payne's recommendation and **OVERRULES** Liberty Mutual's objections (Dkt. No. 63). Liberty Mutual's motion to dismiss (Dkt. No. 25) is therefore **DENIED**.

### So Ordered this
**Jun 13, 2019**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE